IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CONNIE WELLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM CHOICE HEALTH CARE LLC,<br><br>Defendant. | ) | **Case No.**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Connie Wells (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, and for complaint against Defendant Platinum Choice Health Care LLC ("Platinum Choice"), states and alleges as follows:

## NATURE OF ACTION

1. This case involves a campaign by Platinum Choice to make telemarketing calls to market its services by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. The recipients of Platinum Choice's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Defendant makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3. Plaintiff Connie Wells is an individual residing in Clay County, Missouri.

4. Defendant Platinum Choice Health Care LLC is a Delaware limited liability company registered to do business in the State of Missouri.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has specific personal jurisdiction over Platinum Choice because the company made telemarketing calls into this judicial district.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were made into this judicial district.

## TCPA BACKGROUND

The National Do Not Call Registry

8. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

## FACTUAL ALLEGATIONS

11. Defendant Platinum Choice is a "person" as the term is defined by 47 U.S.C. § 153(39).

12. Platinum Choice sells insurance services.

13. In order to generate new clients, Platinum Choice makes outbound telemarketing calls.

14. They have no prior relationship with the individuals they call and do not have prior express written consent to make those calls.

Calls to the Plaintiff Wells

15. Plaintiff's telephone number, 816-446-XXXX, is used for residential purposes and is used for personal purposes.

16. That number is not associated with a business.

17. The Plaintiff number has been registered on the National Do Not Call Registry since 2010.

18. Despite this, the Plaintiff received telemarketing calls from Platinum Choice on numerous occasions, including on November 12, 2024, January 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 21, 28, 29, 30, 31, and February 3, 2025.

19. All of the Caller ID numbers were (816) 378-XXXX.

20. The telemarketing calls inquired if the call recipient was looking for health insurance and offered the Defendant's services.

21. The Plaintiff rejected several of the calls and on at least 5 occasions told the Defendant she was not interested in its services.

22. Despite that, the calls continued.

23. On the January 31, 2025 call, the Plaintiff received a more specific healthcare pitch about what was available for insurance coverage from the Defendant.

24. She spoke with Garryck Roshell, an insurance producer for the Defendant, who has been licensed with them since at least 2023.

25. He promoted the Defendant's insurance services and said that he was an insurance broker for them.

26. Again, on the February 3, 2025 call, the Plaintiff received the same type of pitch from Israel Amsolem, who has been an insurance producer for the Defendant since at least November 5, 2024.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3):

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

28. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

29. Plaintiff bring all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

30. Members of the Class are so numerous that their individual joinder is impracticable.

31. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

32. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

33. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

**Commonality**

34. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

35. Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

**Typicality**

36. Plaintiff is a member of the Telephone Consumer Protection Act Do Not Call Registry Class and received unsolicited telephonic sales calls from the Defendant without giving it her consent to receive such calls.

**Adequacy of Representation**

37. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.

38. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

**Superiority**

39. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

40. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

41. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

42. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

43. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

44. Plaintiff repeats and incorporates the allegations set forth previously as if fully set forth herein.

45. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

46. The Defendant's violations were negligent, willful, or knowing.

47. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA, and $1,500 for each knowing or willful violation; and

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

C. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: March 11, 2025

Respectfully submitted,

By: /s/ M. Cory Nelson
M. Cory Nelson, MO # 63357
MCN Law LLC
12433 Antioch Rd. # 25442
Overland Park, KS 66225
Email: mcorynelson@mcnlawllc.com
Tel: 913-358-5800

*Local Counsel for Plaintiff and the putative Classes*

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Attorney for Plaintiff and the putative Class (pro hac vice motion forthcoming)*